IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NEIMAN COLLINS,

     Plaintiff,

v.

                                Case No. 26-cv-962-NJR

TONYA HUGHES,

     Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Neiman Collins, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, filed this action as a Petition of Mandamus pursuant to 735 ILCS 5/14-101 *et. seq.*

The case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Petition for Writ of Mandamus

The Court notes that Collins captioned his petition to be filed in the State of Illinois Circuit Court although he fails to allege the proper county or judicial circuit. He further seeks a writ of mandamus pursuant to Illinois law, citing 735 ILCS 5/14-101, *et seq.*, and

1

seeks an order directing Defendant to provide proper mental and medical healthcare, as well as restore his rights and privileges (Doc. 1, p. 3). But Collins also states that he has been subjected to inadequate medical care and that Defendant's actions amounted to cruel and unusual punishment (*Id.*). He also contends that Defendant violated his due process and equal protection rights (*Id.*). He alleges that he has requested services regarding his medical and mental health on numerous occasions, but no response has been given to him (*Id.* at p. 1). He notes that he requested drug treatment as well as anger management classes (*Id.* at p. 2). He also indicates that he has untreated pre-existing conditions, although he fails to identify those conditions (*Id.*). He also spent extended time in segregation and lost privileges (*Id.*).

## Discussion

Two different federal statutes govern writs of mandamus, and Collins has cited neither in his Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, the Court has no authority to grant mandamus relief against state officials in this case. Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Collins seeks a mandamus against the director of the Illinois Department of Corrections, a state actor (Doc. 1, p. 2). Thus, this Court lacks jurisdiction to issue a writ of mandamus on Collins's behalf to anyone in the Illinois Department of Corrections. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

The allegations in Collins's petition could potentially be raised in a Section 1983 lawsuit. Section 1983 allows inmates to pursue a civil cause of action against state

government officials for violations of their constitutional rights. The Court will not automatically convert Collins's writ of mandamus application into a Section 1983 action without his permission, but he will be afforded an opportunity to file an amended pleading under Section 1983 if he wishes to do so. If he does file an amended pleading, Collins should be aware that pursuant to the Prisoner Litigation Reform Act he must have exhausted all available administrative remedies for each of his claims against the defendant prior to the filing of his lawsuit. If Collins did not exhaust his available administrative remedies at Lawrence Correctional Center before bringing this action, his unexhausted claims will be dismissed without prejudice, and he may file a new lawsuit to address the claims once he properly exhausts (if there is still time to do so before the two year statute of limitations expires). If Collins intended to file his writ in state court, he should so inform the Court, and the case will be closed and no filing fee collected.

## Disposition

Accordingly, Collins **SHALL NOTIFY** this Court in writing, on or before **August 17, 2026**, whether he intends to proceed with this action as a Section 1983 lawsuit in the Southern District of Illinois, or whether he instead will re-file this action in the appropriate state court. If Collins decides not to proceed with this action in this Court, no filing fee will be collected. If he chooses to pursue a claim under Section 1983, he is **DIRECTED** to file an Amended Complaint as well as a proper Motion to Proceed *In Forma Pauperis*. The Clerk of Court is **DIRECTED** to send Collins a Section 1983 Complaint form as well as a form Motion to Proceed IFP.

Failure to comply with this Order shall result in the dismissal of this action. *See* FED. R. CIV. P. 41(b). To enable Collins to comply with this Order, the Clerk of Court is **DIRECTED** to return a copy of the Petition for Mandamus (Doc. 1) to Collins along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  July 17, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**